

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2006

# Dusenbery v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2021

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dusenbery v. USA" (2006). *2006 Decisions.* Paper 70.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/70

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2021
_____

LARRY DEAN DUSENBERY,

Appellant,

v.

UNITED STATES OF AMERICA; FEDERAL
BUREAU OF PRISONS; FEDERAL BUREAU
OF INVESTIGATION; Administrator
RONALD LAINO, Individually and in his
official capacity as Health Service Administrator;
M.D. DEVEN CHANMUGAM, Individually and
in his official capacity as Clinical Director; R.
SKERDA, Individually and in her official capacity
as Pharmacist; TROY WILLIAMSON, Individually
and in his official capacity as Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02361)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
October 5, 2006

Before: Rendell, Ambro and Roth, <u>Circuit Judges</u>

(Filed December 19, 2006)

_____

OPINION
_____

PER CURIAM

Appellant Larry Dean Dusenbery, a federal prisoner confined at Allenwood United States Penitentiary in White Deer, Pennsylvania, filed a civil action against the United States and Ronald A. Laino, M.D., alleging that prison medical staff failed to diagnose and treat his "scabies," a contagious skin condition caused by mites burrowing under the skin. He alleged an Eighth Amendment violation against Dr. Laino pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and professional malpractice against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 <u>et</u> <u>seq.</u>

Early in the litigation, Dusenbery moved for appointment of counsel, seeking an attorney who could retain the services of a physician who would then prescribe a Kwell lotion, which he believed would reveal the presence of scabies.[1] The motion was denied because prison medical records contradicted Dusenbery's allegations that his skin problems were caused by scabies. The defendants moved for summary judgment, and the Magistrate Judge recommended granting the motion. In an order entered on January 27, 2006, the District Court adopted the Magistrate Report and Recommendation and granted summary judgment to the defendants. Dusenbery appeals.

_____

[1] "Kwell" is a parasiticide used in the treatment of scabies and lice.

We will affirm. Our review of the District Court's grant of summary judgment is plenary, and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Federal Rule of Civil Procedure 56(e), concerning the requirements for opposing a motion for summary judgment, provides that Dusenbery, as an adverse party, "may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." We conclude that summary judgment was proper for the reasons given by the District Court, because there was an insufficient evidentiary basis on which a reasonable jury could find in Dusenbery's favor on either of his claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

We first address Dusenbery's claim against Dr. Laino, the Health Services Administrator at USP-Allenwood. Deliberate indifference to serious medical needs is a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference is to recklessly disregard a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Mere disagreements over the type or amount of care provided do not state an Eighth Amendment claim. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Dusenbery has had frequent evaluations of his complaints of itching at USP-Allenwood, and he has received treatment. Dr. Laino asserted in his declaration that he underwent a skin biopsy of his right anterior abdomen due to a skin lesion and itching on

3

September 13, 2002.  The excised skin was examined under a microscope.  The pathology report indicated seborrheic keratosis.  Dusenbery underwent a second skin biopsy in November 2002, this time of his left dorsal forearm due to a crusting lesion.  The pathology report does not mention gross or microscopic findings of scabies.  On December 12, 2003, Dusenbery was diagnosed with dermatitis and given Prednisone.  On December 30, 2003, he complained of itching and was given Hydroxyzine.  On March 4, 2004, he was diagnosed with neurodermatitis, a chronic form of dermatitis.  Dusenbery does not dispute that he received any of this medical care.

Despite all this testing, scabies have never been detected on Dusenbery during the relevant time period.  Dr. Laino could only be liable for a violation of Dusenbery's constitutional rights if he believed that Dusenbery had scabies and deliberately did not treat the disorder.  Farmer, 511 U.S. at 836.  The medical records, and Dusenbery's lack of evidence, establish that such a showing cannot be made.  In his reply brief, Dusenbery asserts that the excised lesions were tested only for cancer and not for scabies, but he provides no support for this assertion and it is belied by the pathology reports themselves.

Dusenbery further argues that he was diagnosed with scabies at a different federal institution in 1991, thirteen years before this action was filed.  A year later, at the same institution, he came into contact with another prisoner who was infected with scabies and again he was treated, but incompletely.  These remote events do not establish deliberate indifference at USP-Allenwood ten years later, because they do not establish clinical

evidence of scabies during the relevant time period.

As to his claim of medical negligence against the United States, the District Court properly found that Dusenbery would need expert testimony to establish a genuine triable issue. Celotex Corp., 477 U.S. at 322-23. At a trial, Dusenbery must have an expert who is willing to opine that, to a reasonable degree of medical certainty, he has scabies and that the acts of the prison medical staff deviated from acceptable medical standards. See, e.g., Mitzelfelt v. Kamrin, 584 A.2d 888, 892 (Pa. 1990). Diagnosis and treatment of scabies, a contagious skin disease, is not a matter of common knowledge, and requires expert testimony. Reynolds v. Warthan, 896 S.W.2d 823, 826 (Tex. Ct. App. 1995).

Dusenbery's argument that he would present the testimony of Mark E. Baldwin, a physician's assistant who treated him in 1991, does not undermine the District Court's conclusion that summary judgment for the United States was warranted. Even if Baldwin is qualified to serve as an expert in this case, there is no evidence that he agreed to be Dusenbery's expert. Moreover, Rule 56(e) requires that Dusenbery obtain and present an affidavit from Baldwin in which he states an opinion, that Dusenbery had scabies during the relevant time period. Baldwin's 1991 progress note, App. 43, upon which Dusenbery relies, is inadequate to show clinical evidence that he suffered from scabies during his time at USP-Allenwood, and inadequate to show that prison medical staff there deviated from acceptable medical standards.

Finally, the District Court properly denied Dusenbery's motion for appointment of counsel, because the standard for granting counsel was not met. See Tabron v. Grace, 6

5

F.3d 147, 155-57 (3d Cir. 1993). Although his medical negligence case turned on expert testimony, which would weigh in favor of granting counsel, see Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002), prison medical records directly contradicted his theory that he has scabies, and, as we held in Tabron, the plaintiff must establish that his claim has arguable merit for the District Court seriously to consider appointing counsel. Tabron, 6 F.3d at 156.

We will affirm the orders of the District Court granting summary judgment to the defendants and denying appointment of counsel.